IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| BYRON BOWIE, #221505, 1280297 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. PWG-16-0974 |
| | * | |
| WARDEN, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

On April 4, 2016, Byron Bowie, a prisoner at Eastern Correctional Institution ("Eastern") on protective custody, submitted a self-represented filing for injunctive relief which he titled a "Temporary Restraining Order" to compel his transfer to another correctional facility. Compl., ECF No. 1. Bowie asks to be transferred to a protective custody unit in Hagerstown, Maryland where he will have opportunities for vocational training not available at Eastern. *Id.* Bowie explains that at his March 23, 2016, parole hearing, David Blumberg, Chairman of the Maryland Parole Commission, agreed that Bowie has had little opportunity for vocational programming at Eastern, and asked the Division of Correction to consider transferring Bowie. *Id.* Bowie asks the Court to direct his transfer and to award him $10,000 because he has been prevented from pursuing training, which will help him gain parole. *Id.* Bowie has neither paid the civil filing fee nor moved to proceed in forma pauperis. For the limited purpose of preliminary screening of this matter, I will grant him leave to proceed in forma pauperis.

The in forma pauperis statute at 28 U.S.C. § 1915 permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible

abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b)(1).

In order to sustain a prisoner civil rights action under 42 U.S.C. § 1983, a plaintiff must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Bowie, however, does not allege an abridgement of a Constitutional right or federal law.

I am mindful of my obligation to construe liberally the pleadings of pro se litigants such as Bowie. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citations omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

For reasons that follow, the Court finds this case must be dismissed for failure to state a claim upon which relief may be granted. First, although educational programming may promote rehabilitation goals, the law is well-settled that inmates have no constitutional due process right to participate in a rehabilitative program. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976) (due process clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss").

Next, prisoners do not have a constitutional right to be housed in one prison versus another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum* 427 U.S. at 224 (1976). Inmates have no constitutional right to be housed in any particular prison or jail, regardless of security classification. Further, inmates have no liberty interest in placement in a particular prison, and prison officials have broad discretion to classify inmates and assign them to appropriate prison housing. *See* 18 U.S.C. § 3621(b); *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996) (citing *Meachum*, 427 U.S. at 224).

Lastly, the Constitution does not create a right to receive parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18–21 (1981) (holding that a "'mutually explicit understanding' that inmate will be paroled does not create a protected liberty interest). The Maryland parole statute itself does not create a legitimate expectation of parole release because the decision whether to grant parole to any inmate is vested solely in the discretion of the Parole Commission. *See* Md. Code Ann., Corr. Serv. §§ 7–205(a)(1), 7–301, 7–305 (1999); Code of Maryland Regulations § 12.08.01.18. No liberty interested is created by the Maryland parole statute, and no due process rights are implicated in these decisions. *See Moss v. Clark*, 886 F.2d 686, 689 (4th Cir.1989) (no fundamental right to parole or other form of early release). It bears noting too that decisions to deny or grant parole are based on a number of factors including inmate conduct and the nature of the crime. Parole decisions are not based solely an inmate's educational programming achievements, as Bowie appears to assert.

Bowie's complaint fails to implicate a cognizable federal claim. Insofar as Bowie seeks a temporary restraining order or preliminary injunctive relief, he fails to satisfy the standard for redress set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Accordingly, I will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) by separate Order.

June 3, 2016

_____
Date

_____
Paul W. Grimm
United States District Judge

4